UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA        CIVIL ACTION NO. 22-cv-5373

VERSUS        JUDGE DAVID C. JOSEPH

SSJ DEVELOPMENT CO, LLC, ET AL        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

The United States filed this revocatory action to annul a judgment debtor's transfer of property to an LLC owned by his children.  Before the court is the LLC's Motion to Dismiss (Doc. 17) on the grounds that the action is untimely.  For the reasons that follow, it is recommended that the motion be denied.

**Relevant Facts**

Defendant SSJ Development Co., LLC ("SSJ") presents its timeliness challenge in a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  Accordingly, the court will look solely to the United States' complaint for the relevant facts.

James B. Lee, III, a resident of Texas, formed JBL Electric Company, Inc. in 1981. Lee operated JBL as his alter ego.  The company's operations accrued a substantial amount of unpaid employment tax liabilities, including FICA taxes and unemployment taxes.  The United States filed an action in the Western District of Texas and obtained a judgment for

more than $2.4 million.  The judgment held that Mr. Lee is an alter ego of JBL Electric and is, thus, liable to the United States for the debt.  Complaint, ¶¶ 17-24.

In 2010, Mr. Lee executed a cash sale deed that transferred four lots located in Bossier City to SSJ Development Co., LLC.  The members of SSJ are two of Mr. Lee's children.  The deed acknowledged payment of $130,000 as consideration, but SSJ did not actually pay that amount or execute a note or agreement to pay on a later date.  ¶¶ 5-7, 25-28.

Mr. Lee was insolvent at the time of the transfer of the property to SSJ.  The transfer increased his insolvency because SSJ paid no or inadequate consideration for the property. The United States seeks to annul the transfer of the property to SSJ so that title is returned to Mr. Lee, against whom the United States can enforce its tax liens.  ¶¶ 29-38.

**Timeliness Defenses and Motions to Dismiss**

SSJ argues that the United States' complaint is untimely under (1) a three-year peremptive period applicable to Louisiana revocatory actions and (2) the ten-year limitations period of 26 U.S.C. § 6502.  In assessing SSJ's limitations defenses, it must be kept in mind that the statute of limitations is an affirmative defense that "places the burden of proof on the party pleading it."  Frame v. City of Arlington, 657 F.3d 215, 239 (5th Cir. 2011).  Under federal pleading requirements, "a plaintiff is not required to allege that his claims were filed within the applicable statute of limitations."  Id. at 239-40.  That is why "defenses are generally not the proper subject of Rule 12(b)(6) motions" and may be successful only if the grounds for the defense "clearly appear on the face of the plaintiff's complaint."  Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 (5th Cir. 1997).

**Analysis**

### A. Revocatory Claim Limitations Period

Mr. Lee transferred the property to SSJ in 2010, but the United States did not file this civil action until 2022.   The United States specifically relies upon a Louisiana revocatory action to set aside the transfer.   The action is based on La. Civ. Code art. 2036, which states:  "An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency."

SSJ argues that the claim is perempted under Louisiana Civil Code Article 2041's extinguishment of a revocatory claim after three years from the obligor's act.  The Article provides: "The action of the obligee must be brought within one year from the time he learned or should have learned of the act, or the result of the failure to act, of the obligor that the obligee seeks to annul, but *never after three years from the date of that act* or result."  (Emphasis added.)

The United States, in its complaint, acknowledged the one-year prescription period in Article 2041 but asserted that it is not bound by state statutes of limitation as held by U.S. v. Summerlin, 60 S.Ct. 1019 (1940).  In Summerlin, a federal agency became the assignee of a claim against a decedent's estate.  A state statute provided that any claim against the estate would be void if filed more than eight months after publication of a notice.  The United States filed its claim after the deadline.  A unanimous Court held that, to the extent the state statute purported to render void a claim of the United States, it "transgressed limits of state power."  Id. at 1021.

SSJ acknowledges that the United States may be exempt from the one-year prescription period, but the LLC argues the three-year peremptory period in Article 2041 means that the cause of action was extinguished and ceased to exist before this action was filed. Louisiana Civil Code Article 3458 defines peremption as "a period of time fixed by law for the existence of a right." The Article adds: "Unless timely exercised, the right is extinguished upon the expiration of the peremptive period."

The Supreme Court of Louisiana has recognized Article 2041's three-year period as peremptory. It observed that the legislature, by enacting the article, "cut off the right to file a revocatory action by setting a peremptive period, regardless of the obligee's knowledge or lack thereof, three years from the date of the act or the result." London Towne Condominium Homeowner's Ass'n v. London, 939 So.2d 1227, 1234 (La. 2006).

The Supreme Court of Louisiana has also recognized, in a setting similar to this case, that even peremption is subject to a rule that prescription does not run against the government. The plaintiff in Flowers, Inc. v. Rausch, 364 So.2d 928 (La. 1978) argued that the peremption period associated with a recorded money judgment ran against the state not withstanding a state constitutional provision that, "Prescription shall not run against the state in any civil matter, unless otherwise provided in this constitution or expressly by law." The Supreme Court concluded that "peremption is but a form of prescription, a species thereof, but with the characteristic that it does not admit of interruption or suspension, and we determine that the constitutional provision barring prescription bars prescription in all its forms, including peremption." Id. at 931.

The defendant in U.S. v. JEB Properties, Inc., 1996 WL 56433 (E.D. La. 1996) argued that a similar revocatory action filed by the United States was barred by the three-year peremptive period of Article 2041.  The court, citing Flowers, Inc. v. Rausch, held that the three-year period was inapplicable to the United States whether it was peremptive or prescriptive.  The undersigned agrees.

The United States often files similar claims based on versions of the Uniform Fraudulent Transfer Act that has been adopted by several states.  Those state statutes usually include an extinguishment clause, similar to a Louisiana peremptory period, that eliminates the underlying rights when the time limit passes.  Federal courts have routinely rejected arguments that fraudulent transfer claims asserted by the United States were barred by such extinguishment clauses.  The reasoning in those cases support the denial of SSJ's motion to dismiss.

An example is U.S. v. Evans, 340 Fed. App'x 990 (5th Cir. 2009), in which the defendant argued that the United States was barred by a four-year extinguishment clause in the Texas Uniform Fraudulent Transfer Act.  The defendant attempted to distinguish the case from Summerlin by arguing that the Texas extinguishment clause was a statute of repose, not a mere statute of limitations.  The Court rejected the argument because, "Summerlin does not differentiate between statutes of limitation and statutes of repose, and we find no reason to do so."  Id. at 993.  See also Bresson v. Commissioner, 213 F.3d 1173, 1177-79 (9th Cir. 2000) (Summerlin applies to extinguishment clause under California Uniform Fraudulent Transfer Act) and U.S. v. Nemecek, 79 F. Supp. 2d 821 (N.D. Ohio 1999) (collecting cases that have rejected timeliness defenses based on

extinguishment clauses under versions of the Uniform Fraudulent Transfer Act).  Nemecek

stated that the cases on the issue "have rejected the notion of a distinction between a state

statute of limitations which could operate to bar an untimely fraudulent conveyance claim,

and a state statute with an extinguishment provision which could operate to preclude a

cause of action for fraudulent conveyance which is not brought in a timely manner."  Id. at

825.

SSJ notes the general distinction between prescription and peremption and

concludes that Summerlin does not exempt the United States from a peremptory period.  It

cites no authority that has held the United States subject to such a peremptive period in a

similar setting.  The decisions cited above all favor the United States on this issue.  "By

whatever term the statute is known, if it undertakes to invalidate the claim of the United

States, so that it cannot be enforced at all, because not filed within a specified time period,

then the United States is not bound."  U.S. v. Bantau, 907 F. Supp. 988, 991 (N.D. Tex.

1995) (cleaned up).  Thus, the peremptory period in Article 2041 does not bar this action.

**B. Section 6502 Limitations Period**

The limitation period for collection of taxes is 10 years from assessment.  26 U.S.C.

§ 6502(a)(1).  SSJ argues that this civil action is an attempt by the United States to collect

a tax liability incurred over 12 years ago by a third-party taxpayer (Mr. Lee), making the

action untimely under Section 6502.

But the United States previously filed in the Western District of Texas an apparently

timely action to collect the tax liabilities of Mr. Lee and his alter ego JBL Electric, and it

obtained a judgment against those defendants.  The United States is now seeking to collect

on that judgment.  "If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable."  26 U.S.C. § 6502(a).  Thus, SSJ has not shouldered its burden of showing that Section 6502 makes this revocatory action untimely on the face of the complaint.

Accordingly,

It is recommended that SSJ's Motion to Dismiss (Doc. 17) be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of January,

2023.

Mark L. Hornsby
U.S. Magistrate Judge